IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jonathan Michael Kindle,      )      C. A. No. 2:08-2977-GRA-RSC
                              )
          Plaintiff,          )
                              )
      -versus-                )      **REPORT AND RECOMMENDATION**
                              )
SC Department of Corrections; )
Lt. Darryl King; John Carrol; )
Duard Nunnally; Jordan        )
Williams; Gary Manigault;     )
Alphonzo Lott; Loreado        )
Delacruz, and Pathea Haney,   )
                              )
          Defendants.         )

     This civil rights action under 42 U.S.C. § 1983[1] (West 1994

& Supp. 1998) by a former state prisoner proceeding pro se and in

forma pauperis is before the undersigned United States Magistrate

Judge for a report and recommendation on the defendants' motion

for summary judgment filed on January 5, 2009.  28 U.S.C. §

636(b).

---

     [1] Section 1983, titled a civil action for deprivation of
rights reads in relevant portion:

Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress, except that in
any action brought against a judicial officer for an act or
omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable.
42 U.S.C. §1983.

1

On August 29, 2008, the plaintiff, Jonathan Michael Kindle, brought this action against Lt. Darryl King, John Carrol, Duard Nunnally, Jordan Williams, Gary Manigault, Alphonzo Lott, Loreado Delacruz, and Pathea Haney, in their individual and official capacities.  He also named the South Carolina Department of Corrections, but that defendant was dismissed from the action by order of the Honorable G. Ross Anderson, Jr., United States District Judge, on November 18, 2008.  Plaintiff seeks an award of damages.

In his complaint, the plaintiff alleges that his religious rights were violated when he was given a forced haircut at Lieber Correctional Institution on March 25, 2008.  He also alleges use of chemical munitions as well as a failure to provide medical attention after those munitions were used.  The plaintiff also alleges that unspecified officers retaliated against him by charging him with a disciplinary offense for which he was convicted.  Further, he alleges that he was denied access to the law library while he was housed at Kirkland R&E Center.  Finally, the plaintiff appears to challenge the constitutionality of the Grooming Policy on the basis of equal protection on the basis that women are not required to have their hair cut.

On January 7, 2009, the plaintiff was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12

and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed an unverified opposition the motion on February 6, 2009, and the defendants filed a reply with a supplemental affidavit on February 24, 2008.  Hence it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56 (c) have been met. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof.  <u>Id</u>. at 322.  The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.  The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim.  The party opposing summary judgment must then point to facts evidencing a genuine issue for trial.  Fed.R.Civ.P. 56 (c); <u>see also</u>, <u>Anderson v. Liberty Lobby. Inc.</u>, 477 U.S. 242, 252 (1986).

3

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. <u>Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. <u>See</u>, <u>Anderson</u>, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. <u>Id.</u>, 477 U.S. at 252. In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Id.</u> 477 U.S. at 255.

### EXHAUSTION OF REMEDIES

In their answer and in their summary judgment motion, the defendants contend that the action should be dismissed in its entirety for failure to exhaust administrative remedies. The Prison Litigation Reform Act (PLRA) provides in pertinent part as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal

4

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  In <u>Porter</u>, the United States Supreme Court held that "exhaustion in cases covered by 1997e(a) is now mandatory."  534 U.S. at 524.  The Court noted that a district court has no discretion, as had existed prior to the PLRA, to determine whether administrative remedies needed to be exhausted in a particular case.  The Court further stated that '[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  <u>Id</u>.  The Court stressed, as does the statute, that exhaustion must take place prior to the commencement of the civil action in order to further the efficient administration of justice:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal

5

> review might filter out some frivolous claims.
> And for cases ultimately brought to court,
> adjudication could be facilitated by an
> administrative record that clarifies the contours
> of the controversy.

534 U.S. at 524-525 (emphasis added).  Thus, it is clear from the
Porter opinion that administrative remedies must be exhausted
prior to the filing and pursuit of a § 1983 action.  See, e.g.,
Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674
(4th Cir. 2005).

In the United States Supreme Court's recent pronouncement on
the subject of exhaustion of administrative remedies, Supreme
Court Justice Samuel Alito writing for the majority stated that
the benefits of exhaustion can be realized only if the agency is
given a full and fair opportunity to consider the grievances.
Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006).  Therefore,
reviewing and relying upon the bodies of law regarding the
exhaustion requirement of habeas corpus law under the
Antiterrorism and Effective Death Penalty Act of 1996, which was
enacted by Congress contemporaneously with the PLRA's exhaustion
requirement, the Court held that the PLRA's exhaustion
requirement requires *proper* exhaustion of administrative remedies
because the benefits of exhaustion can be realized only if the
prison grievance system is given a fair opportunity to consider
the grievances.

6

## DISCUSSION OF EXHAUSTION OF REMEDIES

According to the sworn affidavit of Mary Coleman, the chief officer of the Inmate Grievance Branch of the South Carolina Department of Corrections (SCDC), and consistent with the absence of evidence submitted by the plaintiff, the plaintiff never completed the grievance procedure provided by SCDC regarding any incident of which he complains here.

During his brief period of incarceration[2], the plaintiff filed four grievances, three of which were rejected and not processed because of procedural errors.  One was processed, but not appealed to the second step in the grievance procedure.  None of those four grievances, including the unprocessed ones, raised any issues arising from the March 25, 2008, incident at Lieber which is the subject of this action.  See, Coleman Affidavit, ¶¶ 3, 5.  Likewise, the plaintiff never grieved the use of force, religious issues, grooming issues, the denial of medical care or the denial of access to the law library.  See, Coleman Affidavit, ¶¶ 3-5.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion be granted, and this matter ended.

---

[2] Plaintiff was released from SCDC on August 29, 2008, so he was incarcerated for approximately five (5) months.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March ___4___, 2009

**Notice of Right to File Objections to Report and Recommendation**

    The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

    Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

    **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).